Honorable George H. Sheppard, page 8

"Manifestly the statute could have easily
been made more specific in this regard. We con-
ceive, however, that all of the contentions here
made by appellants, whether actually raised in the
attack upon the validity of the Act or not, were
necessarily involved in the attacks made upon its
constitutionality in Hurt v. Cooper, supra, which
followed the decisions in the Jackson and Fitzger-
ald cases, supra, and Liggett Co. v. Lee, 288
U. S. 517, 53 S. Ct. 481, 77 L. Ed. 929, 85
A. L. R. 699; in all of which cases the validity
thereof, notwithstanding such indefiniteness in
the respects stated, was sustained . . . The
failure of the Legislature to specifically pro-
vide how and by whom the tax so imposed should
be paid, should not, in view of the decisions up-
holding the Act as valid, be permitted to defeat
its provisions. . . "

The court did not state to what extent or in what proportion
the taxpayers, to-wit, the store operators, were each liable,
it not being necessary to decide that question. However, the
court clearly held that the Act is valid and that failure of
the Legislature to make this provision more specific will not
"be permitted to defeat its (the Act's) provisions." This
holding clearly indicates that the court believed that the
Act should and could be enforced on the basis that all of
the stores in a case of this kind constitute one chain. If it
is valid and is to be enforced, a tax is due on a chain of six-
teen stores (in the case you ask about) and the operators of
those stores must pay it.

Section 2 of the Act provides that "each application
shall be accompanied by a filing fee of fifty (50) cents for
each store." We think that fee should be paid by the person
or corporation operating the store; and therefore the corpora-
tions in question should pay the filing fee prescribed in Section
2 as follows: Corporation A, $1.00 for its two stores; Corpora-
tion B, $2.00 for its four stores; and Corporation C, $5.00
for its ten stores.

Section 5 of the Act provides a scale of license
fees as follows:

"The license fees herein prescribed shall be
as follows:

Honorable George H. Sheppard, page 9

"1. Upon one (1) store the license fee shall be One Dollar ($1);

"2. Upon each additional store in excess of one (1) but not to exceed two (2), the license fee shall be Six Dollars ($6);

"3. Upon each additional store in excess of two (2) but not to exceed five (5) the license fee shall be Twenty-five Dollars ($25);

"4. Upon each additional store in excess of five (5) but not to exceed ten (10) the license fee shall be Fifty Dollars ($50);

"5. Upon each additional store in excess of ten (10) but not to exceed twenty (20), the license fee shall be One Hundred Fifty Dollars ($150);

"6. Upon each additional store in excess of twenty (20) but not to exceed thirty-five (35), the license fee shall be Two Hundred Fifty Dollars ($250);

"7. Upon each additional store in excess of thirty-five (35) but not to exceed Fifty (50) the license fee shall be Five Hundred Dollars ($500);

"8. Upon each additional store in excess of fifty (50), the license fee shall be Seven Hundred Fifty Dollars ($750);  . . . "

The H. E. Butt Grocery Company case says in plain and unequivocal language that these stores shall "be treated as one chain for tax purposes." That being true, we must determine how much is due under Section 5 for the operation of sixteen stores. The sum is $1,232.00, arrived at as follows:

Honorable George H. Sheppard, page 10

| | |
|---|---|
| 1 store | $ 1.00 |
| 1 additional store (in excess of 1) | 6.00 |
| 3 additional stores (in excess of 2) | 75.00 |
| 5 additional stores (in excess of 5) | 250.00 |
| 6 additional stores (in excess of 10) | 900.00 |
| 16 stores | $1,232.00 |

This sum of $1,232.00 is the sum owed for the operation of this chain. As stated in the forepart of this opinion, the persons or corporations who are required to pay are those who "operate, maintain, open or establish" these stores. There are sixteen stores, that is, units, in the chain. Corporation A operates two of the sixteen, Corporation B operates four of the sixteen, and Corporation C operates 10 of the sixteen. In other words, Corporation A operates 1/8th of the chain, Corporation B operates 1/4th of the chain, and Corporation C operates 5/8ths of the chain; and accordingly, Corporation A is liable for 1/8th of the taxes due under Section 5, to-wit, 1/8th of $1,232.00, and Corporation B is liable for 1/4th of said taxes, to-wit, 1/4th of $1,232.00; and Corporation C is liable for 5/8ths of said taxes, to-wit, 5/8ths of $1,232.00. Therefore, said subsidiary corporations are liable under Section 5 as follows: Corporation A, $154.00 for its two stores; Corporation B, $308.00 for its four stores; and Corporation C, $770.00 for its ten stores.

Section 7 of the West Virginia Chain Store Tax Act is identical with Section 6 of the Texas Act. Also Section 5 of each of the acts assesses the tax in almost identically the same language. The United States District Court of the Southern District of West Virginia construed Section 7 of the West Virginia Act in the case of Gulf Refining Co. v. Fox, 11 Fed. Supp. 425, and stated as follows:

"Reference is also made to the decisions of the federal courts in interpreting the provisions of sections 240(b) of the Revenue Act of 1918 (40 Stat. 1081, 1082), and section 240(c) of the Revenue Act of 1921 (42 Stat. 260), whereby it was enacted that two or more domestic corporations shall be deemed affiliated, inter alia, if one corporation owns directly or controls substantially all of the stock of the others.

Honorable George H. Sheppard, page 11

"Section 7 bears some analogy to the provisions of the Revenue Acts regarding the affiliation of corporations as affecting the tax on corporate incomes; . . . "

The Gulf Refining Company case, supra, was referred to with approval by the court in the H. E. Butt Grocery Company case.

It is of interest to note the manner of proportionate distribution of the tax assessed in the Federal Revenue Acts referred to which Acts were compared to the control provision of the West Virginia Chain Store Tax Act.

Section 240 of the Federal Revenue Act of 1918 provides in part as follows:

"(b) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests."

Said Act further provides, as to the payment of the tax, as follows:

"In any case in which a tax is assessed upon the basis of a consolidated return, the total tax shall be computed in the first instance as a unit and shall then be assessed upon the respective affiliated corporations in such proportions as may be agreed upon among them, or, in the absence of any such agreement, then on the basis of the net income properly assignable to each. . ."

Our conclusion in this opinion as to the manner of assessment of the tax may be compared to the manner of assessment provided for in the Revenue Act, supra, just as the United States District Court of West Virginia compared the West Virginia Chain Store Act to such Revenue Act.

As you only inquire about the liability of the subsidiary corporations, A, B and C, in the fact situation you present, this opinion is confined to the question you ask, and

Honorable George H. Sheppard, page 12

we are not passing upon the extent of liability, if any, of holding company X. Our conclusion and opinion on the question you ask may be summarized as follows:  The Texas Chain Tax is assessed against individuals, corporations, etc., who open, establish, operate and maintain stores. Such a person, corporation, etc., owes the tax on the stores he or it so operates and maintains.  The three subsidiary corporations here are liable for the tax as one chain under Section 6 of the Texas Act.  Each corporation must pay on its stores.  The tax is one which is based on the number of stores, and, therefore, each corporation pays an amount proportionate to the number of stores in the one single chain that such corporation operates.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Rotsch_

Cecil C. Rotsch
Assistant

And _Billy Goldberg_

Billy Goldberg
Assistant

COR:EP

APPROVEDJUN 27, 1940

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN